UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CHAKEETA MYLES**, | ) | |
| | ) | |
| **Plaintiff,** | ) | **No:21 CV 3935** |
| | ) | |
| vs. | ) | |
| | ) | |
| **COOK COUNTY a/k/a as COOK COUNTY** | ) | |
| **DEPARMENT OF REVENUE,** | ) | |
| | ) | **JURY DEMAND** |
| **Defendant.** | ) | |

**COMPLAINT**
**AS AND FOR A FIRST COUNT OF ACTION**
**(Title VII-RACE DISCRIMINATION)**

**Nature of the Action**

1. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1990 ("ACT"), for the Defendant, **COOK COUNTY a/k/a as COOK COUNTY DEPARMENT OF REVENUE,** ("COUNTY" or Defendant) having subjected Plaintiff, **CHAKEETA MYLES**, hereinafter ("MYLES" or "Plaintiff") to race discrimination (hostile environment-disparate treatment), despite MYLES complaints about same.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked 28 U.S.C. Section 1331, 1337, 1343 and 1345, 1391 (e). This action is authorized and instituted pursuant to Title VII of the Civil Rights 1964 ("ACT"), 42 U.S.C.A. §§ 2000 (e) et seq.

3. The employment practice hereinafter alleged to be unlawful where and is now being committed in the Northern District of Illinois Eastern Division.

## PARTIES

4. MYLES is a Black female of who is a resident of Hill Crest, Cook County, Illinois.

5. MYLES was an employee of COUNTY.

6. At all times relevant, the COUNTY, has been and is a body politic organized under the laws of the State of Illinois.

7. COUNTY is an employer as that term is defined under the Title VII of the Civil Rights Act of 1964 as amended, at all times material to the allegations herein.

8. COUNTY is an employer within the meaning of the ACT and has been at all times material to the allegations herein.

## STATEMENT OF CLAIMS

9. Despite COUNTY listing itself as an equal employment company and having a policy against Discrimination to minorities, COUNTY intentionally discriminated against MYLES based on her race because of the excessive discipline compared to other employees not in MYLES's protected class.

10. This action brought against the Defendant, COUNTY having subjected Plaintiff, MYLES to race discrimination by failure to treat her the same as non-Black employees and allowing her to be subjected to racial harassment (hostile work environment) despite MYLES complaints about same.

11. Defendant by its action or actions of its agents, prior to MYLES' caused and created a hostile work environment which unreasonably interfered with the terms and conditions of Plaintiff's employment and Plaintiff performance in her job by failing to treat her the same in terms and conditions of employment including her wrongful termination on May

4, 2020, as non-Black employees, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991.

12. By reason of the race discrimination and disparate treatment by Defendant, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

13. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

14. Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission (EEOC). That charge was timely filed, under the ACT. (See Exhibit ("A")

15. On April 27, 2021, Plaintiff was sent a notice from the Department of Justice of her right to bring this action (See Exhibit "B"), and Plaintiff timely filed this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

2. For injunctive relief, and reinstatement along with relief required to make Plaintiff whole so there are no future retaliations or blocked opportunities and for any losses caused by the violations of Defendant;

3. For actual damages, lost wages, from wrongful termination and compensatory damages of $300,000.00 for each count set forth above;

4. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to

42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

5. For such other and further relief as the court deems proper.

CHAKEETA. MYLES

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith #6180407IL
10 N. Martingale Road
Suite 400
Schaumburg, Illinois 60173
(847) 466-1099